IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| MICHAEL JOYNER, | ) | C/A No. 3:25-cv-474-JDA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | JURY TRIAL DEMANDED |
| WESTINGHOUSE ELECTRIC | ) | |
| COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff MICHAEL JOYNER ("Plaintiff") by his attorneys White, Rose & Hilferty, PC as and for his Verified Complaint, hereby alleges the following:

**NATURE OF THE CASE**

1.      Plaintiff brings this action alleging that Defendant discriminated against him based upon his race, sex, and age, in violation Title VII of the Civil Rights Act of 1964 (42 USC § 2000-e), Civil Rights Act of 1866 (42 USC §1981), the Age Discrimination in Employment Act of 1967 (29 U.S.C.A. § 623), the Americans with Disabilities Act of 1990 (42 USC § 12101), South Carolina Human Affairs Law (S.C. Code Ann. §1-13-80), and in retaliation for taking leave in violation of the Family Medical Leave Act (29 U.S.C. § 2601). Plaintiff seeks damages to redress their financial and emotional damages that Defendant's unlawful discriminatory practices in violation of federal, state, and local statutes inflicted upon them.

**JURISDICTION & VENUE**

1

2.     Jurisdiction of this Court is proper under 42 U.S.C. § 2000, *et seq.*, and 28 U.S.C. §§ 1331 and 1343.

3.     The Court has supplemental jurisdiction over Plaintiff's claims brought under state law pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PROCEDURAL REQUIREMENTS

5.     On March 18, 2024, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

6.     Plaintiff's formal Charge of Discrimination filed with the EEOC asserted the same factual allegations that are asserted in this Verified Complaint.

7.     On October 30, 2024, Plaintiff received a Notice of Suit Rights dated October 30, 2024, from the EEOC.

8.     Plaintiff timely and properly commenced this action within 90 days of receipt of the Notice of Suit Rights after exhausting all administrative remedies with the EEOC.

## PARTIES

9.     At all times, Plaintiff was an individual residing in the State of South Carolina, County of Kershaw.

10.     Upon information and belief, Defendant WESTINGHOUSE ELECTRIC COMPANY, LLC. ("Defendant") was a domestic corporation organized pursuant to the laws of the State of South Carolina with its principal place of business at 1000 Westinghouse Drive Cranberry Township, PA 16066.

## RELEVANT FACTS

11.     Plaintiff is a 43-year-old Caucasian male.

12.     On October 16, 2000, Defendant hired Plaintiff as a Pellet Operator at Defendant's Columbia Fuel Fabrication Facility in Richland County, South Carolina.

13.     The essential functions of his job included: inspecting equipment; preparing powder for the press operator; oxidizing scrap; pressing together pellets; performing quality control on pellets; grinding material together; inspecting pellets and ensuring the pellets meet contract specifications.

14.     Throughout his employment, Plaintiff performed his job duties in an exemplary manner.

15.     On October 1, 2022, Defendant promoted Plaintiff to Team Coordinator. As Team Coordinator, Plaintiff still performed his normal Pellet Operator duties, but was also responsible for fostering satisfactory team performance and teamwork by assisting with training, directing, and supporting other Pellet Operators assigned to his line.  Although normally this promotion would have included a $1.50/hour raise, Plaintiff only received a raise of $0.75/hour.

16.     On November 2, 2022, Plaintiff's spouse suffered a stroke. From November 2022 until January 23, 2023, Plaintiff utilized his accrued FMLA, vacation time, and sick time to care for his wife.

17.     During Plaintiff's February 2023 performance review, Team Manager James Michael Branham informed him that he would soon be promoted to Back Up Supervisor. This position carried with it additional responsibilities and a 10% raise. Plaintiff was to begin training for the position prior to the actual promotion.

18.     On March 17, 2023, Defendant issued Plaintiff a PowerUP Award recognizing him for training future operators and keeping then-current signoffs up to date. On May 5, 2023,

Defendant issued Plaintiff another PowerUP Award recognizing him for Teamwork & Accountability.

19.    On May 14, 2023, Plaintiff utilized the rest of his vacation time and exhausted his available FMLA leave when his spouse was hospitalized for two days with stroke-like symptoms. Plaintiff.

20.    On June 12, 2023, Plaintiff returned to work. He arranged with Human Resources approval for a modified work schedule until he was entitled to further FMLA. Plaintiff's first absence after speaking with Human Resources was on June 26, 2023.

21.    Between June 12 and August 3, 2023, Plaintiff worked all necessary hours; any limited absences did not cause Defendant to suffer a hardship.

22.    On June 30, 2023, Pellet Operator Antonio Hipps, a 29-year-old African American employee, asked Plaintiff to switch jobs with him. When Plaintiff refused, Hipps threatened to "kick [his] ass." Plaintiff immediately reported Hipps's threats to his supervisor. However, Defendant took no action against Hipps.

23.    On July 1, 2023, Area Manager Tyrone Nixon, an African American, confronted Plaintiff in the breakroom. He intimidatingly asked Plaintiff if whether he was making complaints to HR. Thereafter, Nixon retaliated against Plaintiff by discouraging him from using his approved modified schedule.

24.    On August 2, 2023, Plaintiff complained to Human Resources Roy D. Stutts and Branham regarding the ongoing discrimination and harassment to which he was subjected.

25.    On August 2-3, 2023, Nixon, Branham and HR told Plaintiff that he was no longer allowed to take a personal leave of absence and threatened to terminate his employment if he did not start reporting to work.

26.     On August 8, 2023, Pellet Operator Cantrell Way, an African American employee, subjected Plaintiff to hostility and cursed at him when he was giving Way her shift change. Plaintiff tried to diffuse the situation and walked away. Plaintiff reported the incident to Branham and Back Up Team Manager Pamela Williamson. Branham confirmed that Plaintiff was correct.

27.     Branham then falsely accused Plaintiff of insubordination and suspended him from August 8-15, 2023 without pay. Ultimately, Branham issued Plaintiff a "final written warning" and demoted him to Pellet Operator because he "failed to foster teamwork within the team, as required by the position."

28.     Upon his return from suspension, co-worker Logan Goodwin, an employee under the age of 40, teased and taunted Plaintiff about being demoted over the course of the next seven months. Goodwin threatened to have another peer-to-peer conflict solely to get Plaintiff fired.

29.     On August 14, 2023, Plaintiff reported the hostile work environment and that he was being discriminated against based upon his sex. Specifically, Defendant granted intermittent FMLA leave without retaliation to female employee Tia Brannon, who reported to the same management team. Meanwhile, that same management exposed Plaintiff to a barrage of threats and allowed an atmosphere of harassment from his coworkers for taking leave.

30.     Plaintiff then experienced retaliation by being denied overtime and the ability to work shift change.

31.     In September 2023, Defendant denied Plaintiff the promotion to Back Up Supervisor that Branham had promised and for which he had trained. Nixon subsequently reinstated as Back Up Supervisor a Pellet Operator Roc Wilson, an African American employee who had previously resigned from the role. Nixon then promoted Hipps to the position, who was less qualified than Plaintiff.

32.     On February 21, 2024, during Plaintiff's performance review, he engaged in further protected activity by complaining about the ongoing discrimination and harassment to which he was subjected. Specifically, during the performance review, Branham told Plaintiff that he needed to control his temper.  Plaintiff respectfully disagreed and complained that he was being subjected to relentless harassment and discrimination while working on the floor. Plaintiff reported to Branham that Goodwin regularly threatened him with physical violence, taunted him about his demotion, and called Plaintiff a "fuckin' fag."

33.     On March 2, 2024, Pellet Operator Deion Gridine, a 29-year-old African American employee, told Plaintiff that he wanted to "hook up" with Plaintiff's sister and take her home to Plaintiff's father to demonstrate that Plaintiff's father would be a "nigger hater." Two days later, that same employee called Plaintiff a "bitch." Plaintiff reported both incidents to HR; however, Defendant took no action against Gridine.

34.     On March 5, 2024, Plaintiff met with Stutts regarding Gridine's statements toward him. On March 7, 2024, Plaintiff further reported the incident with Gridine. However, Defendant failed to take disciplinary action against Gridine.

35.     After Plaintiff reported the racial discrimination and harassment to which he was subjected to by Gridine, Defendant retaliated against him by denying him available overtime opportunities. Additionally, Defendant isolated Plaintiff from relevant meetings and training despite the fact that Plaintiff has 24 years of experience. Notably, Plaintiff is both the only qualified Caucasian trainer and the only trainer who is not permitted to train other employees.

36.     It is important to note that Nixon has a history of targeting Caucasian employees over and those over the age of forty. Specifically, the last three team coordinators who have been fired and/or demoted are Caucasian. The Caucasian Team Coordinator who was fired by

Defendant was terminated for "inciting violence." Nixon has subjected Caucasian employees to harsher discipline than non-Caucasian employees who have engaged in similar and/or worse conduct than that of which Plaintiff has been accused.

37.     On May 3, 2024, Defendant issued Plaintiff a third PowerUP Award for Customer Focus & Innovation.

38.     Beginning in May 2024 and continuing to the present, Defendant has denied Plaintiff's requests for 12-hour shifts while granting them to similarly situated African American employees.

39.     Based upon the foregoing, Defendant discriminated against Plaintiff based upon his age, race and association with a disabled individual and retaliated against him following his engagements in protected activity when he complained about the disparate treatment to which he was subjected. Defendant treated Plaintiff differently as compared to similarly situated younger, non-Caucasian, and female employees, who did not complain about discrimination, with respect to their terms and conditions of employment. These actions of discrimination and retaliation substantially interfered with Plaintiff's employment.

### AS AND FOR A FIRST CAUSE OF ACTION
### DISCRIMINATION IN VIOLATION OF 42 USC § 2000e-2
### (Title VII Race and Sex Discrimination)

40.     Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

41.     Defendant's discrimination against Plaintiff concerned one of the activities protected by Title VII of the Civil Rights Act of 1964, Section §2000e-2.

42.     Title VII of the Civil Rights Act of 1964, Section §2000e-2, Section 703 states: "It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to

discharge any individual, or otherwise to discriminate against any individual with respect to him compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

43.    Plaintiff is a member of protected classes pursuant to Title VII of the Civil Rights Act of 1964, Section §2000e-2—namely, Plaintiff is a Caucasian male.

44.    Plaintiff possessed proper qualifications for Defendant to continue their employment and promote them as evidenced by Defendant's continuation of Plaintiff employment since October 16, 2000.

45.    Defendant and/or its agents engaged in an unlawful practice by discriminating against Plaintiff because of his race and sex. Defendant and/or its agents intended to discriminate against Plaintiff on the basis of his race and sex by subjecting them to disparate treatment in the terms and conditions of their employment. Specifically, Defendant unjustifiably denied Complainant promotional opportunities in favor of less qualified non-Caucasian individuals; suspended him for five days, issued him a pretextual final written warning, and demoted him to a lower level position in connection with false accusations that he engaged in insubordination; failed to ameliorate the ongoing harassment and discrimination to which he was subjected by his non-Caucasian colleagues; denied him FMLA leave and other rights/privileges granted to female co-workers; and denied him overtime opportunities in favor of those outside of his protected classes.

46.    To date, Defendant continues to deny Plaintiff promotional and/or career advancement opportunities for which they are qualified, causing Plaintiff significant financial hardship, mental anguish, and emotional distress.

47.    As a direct and proximate result of Defendant's unlawful conduct in violation of Title VII of the Civil Rights Act of 1964, Section §2000e-3, Plaintiff has suffered and continues

to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, warranting an award of monetary damages and other relief.

48.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII of the Civil Rights Act of 1964, Section §2000e-2, Plaintiff suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, warranting an award of monetary damages and other relief.

### AS AND FOR A SECOND CAUSE OF ACTION
### RACIAL DISCRIMINATION IN VIOLATION 42 USC §1981

56.     Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

57.     The Civil Rights Act of 1866 provides, in pertinent part: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 USC §1981.

58.     Defendant had the intent of discriminating against Plaintiff on the basis of his race.

59.     Defendant treated Plaintiff differently because of his race.

60.     Defendant's discrimination concerned one of the statute's enumerated activities, to make and enforce contracts as related to Plaintiff's employment.

61.     As a direct and proximate result of Defendant's unlawful conduct in violation of the Civil Rights Act of 1866, 42 USC §1981, Plaintiff has suffered and continues to suffer

monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, warranting an award of monetary damages and other relief.

62.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the Civil Rights Act of 1866, 42 USC §1981, Plaintiff suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, warranting an award of monetary damages and other relief.

### AS AND FOR A THIRD CAUSE OF ACTION
### DISCRIMINATION IN VIOLATION OF S.C. CODE ANN. § 1-13-80
### (Race, Sex, and Age Discrimination)

63.     Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

64.     The South Carolina Human Affairs Law, S.C. Code Ann. §1-13-80(A)(1), provides, in pertinent part: "[I]t is an unlawful employment practice for an employer to (1) fail or refuse to hire, bar, discharge from employment, or otherwise discriminate against an individual with respect to the individual's compensation or terms, conditions, or privileges of employment because of the individual's race, religion, color, sex, age, national origin, or disability."

65.     Plaintiff is a member of a protected class pursuant to South Carolina Human Affairs Law, S.C. Code Ann. §1-13-80(A)(1) —namely, Plaintiff is a 43-year-old Caucasian male.

66.     Defendant and/or its agents intended to discriminate against Plaintiff on the basis of his race, and age by subjecting him to disparate treatment in the terms and conditions of his employment as compared to similarly situated employees. Specifically, Defendant unjustifiably denied Complainant promotional opportunities in favor of less qualified younger non-Caucasian individuals; suspended him for five days, issued him a pretextual final written warning, and

demoted him to a lower level position in connection with false accusations that he engaged in insubordination; failed to ameliorate the ongoing harassment and discrimination to which he was subjected by his non-Caucasian colleagues; denied him FMLA leave and other rights/privileges granted to female co-workers; and denied him overtime opportunities in favor of those outside of his protected classes.

67.    As a direct and proximate result of Defendant's unlawful conduct in violation of the South Carolina Human Affairs Law, S.C. Code Ann. §1-13-80, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, warranting an award of monetary damages and other relief.

68.    As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the South Carolina Human Affairs Law, S.C. Code Ann. §1-13-80, Plaintiff suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, warranting an award of monetary damages and other relief.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGE DISCRIMINATION IN VIOLATION OF 29 U.S.C. § 623
### (ADEA Discrimination)

69.    Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

70.    Defendant's discrimination concerned activities protected by the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623.

71.    The Age Discrimination in Employment Act of 1967, states, in relevant part: "It shall be unlawful for an employer: (1) to fail or refuse to hire or to discharge any individual, or

otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or to reduce the wage rate of any employee in order to comply with this chapter."

72.    Plaintiff is a member of a protected class pursuant to 29 U.S.C. § 623, namely Plaintiff is a 43-year-old male. During his employment with Defendant, Plaintiff was over the age of forty.

73.    Plaintiff possessed proper qualifications for Defendant to continue his employment. Specifically, Plaintiff has been employed by Defendant since October 16, 2000. Furthermore, beginning in February 2023, Defendant consistently provided Plaintiff with positive performance feedback and evaluations. Defendant also promoted Plaintiff on October 1, 2022, and promised to promote him again in February 2023.

74.    As outlined herein, Defendant and/or its agents intended to discriminate against Plaintiff on the basis of his age by subjecting him to disparate treatment in the terms and conditions of his employment as compared to similarly situated younger employees. Specifically, Defendant subjected Plaintiff to disparate treatment by, among other things: denying him promotional opportunities in favor of younger less qualified individuals; suspending him for five days, issuing him a pretextual final written warning, and demoting him to a lower level position in connection with false accusations that he engaged in insubordination; and denying him overtime opportunities in favor of those outside of his protected classes, causing Plaintiff significant mental anguish and emotional distress.

75.     As a direct and proximate result of Defendant's unlawful conduct in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

76.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623, Plaintiff suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

### AS AND FOR A FIFTH CAUSE OF ACTION
### RETALIATION IN VIOLATION OF  42 U.S.C. § 2000e
### (Title VII Retaliation)

77.     Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

78.     Title VII of the Civil Rights Act of 1964 prohibits discrimination and retaliation.

79.     Title VII of the Civil Rights Act of 1964 provides, in pertinent part: "It shall be an unlawful employment practice for an employer to discriminate against any of his employees…because he has opposed any practice made an unlawful employment practice..."  42 USC § 2000e-3

80.     Defendant's employment practices as alleged at length herein constitute an impermissible act of retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

13

81. The stated reasons for Defendant's conduct were not the true reasons but served as a pretext to conceal Defendant's retaliatory animus against Plaintiff.

82. Plaintiff engaged in protected activity by complaining about discrimination and retaliation and/or opposing Defendant's unlawful employment practices throughout 2023, and 2024.

83. Defendant was aware of Plaintiff's engagements in protected activity as Plaintiff complained directly to management and HR, and managers/supervisors and HR addressed said complaints directly with Plaintiff.

84. As fully demonstrated within this Complaint, Defendant engaged in a course of retaliatory and adverse conduct against Plaintiff by unjustifiably denying Plaintiff promotional opportunities in favor of younger less qualified non-Caucasian individuals; suspended him for five days, issued him a pretextual final written warning, and demoted him to a lower level position in connection with false accusations that he engaged in insubordination; failed to ameliorate the ongoing harassment and discrimination to which he was subjected by his non-Caucasian colleagues; denied him FMLA leave and other rights/privileges granted to female co-workers; and denied him overtime opportunities in favor of those outside of his protected classes.

85. Defendant took these adverse actions shortly after each of Plaintiff's engagements in protected activity.

86. As a direct and proximate result of Defendant's unlawful conduct in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits for which he is entitled to an award of monetary damages and other relief.

87.    As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, Plaintiff suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

## AS AND FOR A SIXTH CAUSE OF ACTION
### FOR RETALIATION UNDER 42 USC §1981
### (§1981 Retaliation)

88.    Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

89.    42 USC §1981 prohibits both discrimination and retaliation.

90.    Defendant's employment practices as alleged at length herein constitute an impermissible act of retaliation in violation of 42 USC §1981. The stated reasons for Defendant's conduct were not the true reasons but served as a pretext to conceal Defendant's retaliatory animus against Plaintiff.

91.    Plaintiff engaged in protected activity by complaining about discrimination and retaliation and/or opposing Defendant's unlawful employment practices throughout 2023, and 2024.

92.    Defendant was aware of Plaintiff's engagements in protected activity as Plaintiff complained directly to Defendant regarding the disparate treatment, harassment, and retaliation to which he was subjected based upon his race and related complaints.

93.    As fully demonstrated within this Complaint, Defendant engaged in a course of retaliatory and adverse conduct against Plaintiff by, unjustifiably denying Plaintiff promotional opportunities in favor of younger less qualified non-Caucasian individuals; suspended him for five

days, issued him a pretextual final written warning, and demoted him to a lower level position in connection with false accusations that he engaged in insubordination; failed to ameliorate the ongoing harassment and discrimination to which he was subjected by his younger and/or non-Caucasian colleagues; and denied him overtime opportunities in favor of those outside of his protected classes.

94.    Defendant took these adverse actions shortly after each of Plaintiff's engagements in protected activity.

95.    As a direct and proximate result of Defendant's unlawful conduct in violation of 42 USC §1981, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

96.    As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of 42 USC §1981, Plaintiff suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**RETALIATION IN VIOLATION OF S.C. CODE ANN. § 1-13-80 (F)**
**(SCHAL Retaliation)**

97.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

98.    The South Carolina Human Affairs Law, S.C. Code Ann. §1-13-80 (F), in pertinent part: "It is an unlawful employment practice for an employer to discriminate against an employee or applicant for employment, … because the individual has opposed a practice made an unlawful

16

employment practice by this chapter or because the individual has made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under this chapter."

99.     Defendant's employment practices as alleged at length herein constitute an impermissible act of retaliation in violation of the South Carolina Human Affairs Law, S.C. Code Ann. §1-13-80 (F).

100.     The stated reasons for Defendant's conduct were not the true reasons but served as a pretext to conceal Defendant's retaliatory animus against Plaintiff.

101.     Plaintiff engaged in protected activity by complaining about discrimination and retaliation and/or opposing Defendant's unlawful employment practices throughout 2023, and 2024.

102.     Defendant was aware of Plaintiff's engagements in protected activity as Plaintiff complained directly to Defendant regarding the disparate treatment, harassment, and retaliation to which he was subjected based upon his race and related complaints.

103.     As fully demonstrated within this Complaint, Defendant engaged in a course of retaliatory and adverse conduct against Plaintiff by, unjustifiably denying Plaintiff promotional opportunities in favor of younger less qualified non-Caucasian individuals; suspended him for five days, issued him a pretextual final written warning, and demoted him to a lower level position in connection with false accusations that he engaged in insubordination; failed to ameliorate the ongoing harassment and discrimination to which he was subjected by his younger and/or non-Caucasian colleagues; and denied him overtime opportunities in favor of those outside of his protected classes.

104.     Defendant took these adverse actions shortly after each of Plaintiff's engagements in protected activity.

105.    As a direct and proximate result of Defendant's unlawful conduct in violation of the South Carolina Human Affairs Law, S.C. Code Ann. §1-13-80 (F), Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits for which she is entitled to an award of monetary damages and other relief.

106.    As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the South Carolina Human Affairs Law, S.C. Code Ann. §1-13-80 (F), Plaintiff suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
**RETALIATION IN VIOLATION OF 29 U.S.C. § 623**
**(ADEA Retaliation)**

107.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

108.    The Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(d) prohibits discrimination and retaliation.

109.    The Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(d) states, in relevant part: "It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment…because such individual…has opposed any practice made unlawful by this section, or because such individual… has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter."

110.    Defendant's employment practices as alleged at length herein constitute an impermissible act of retaliation in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(d). The stated reasons for Defendant's conduct were not the true reasons but served as a pretext to conceal Defendant's retaliatory animus against Plaintiff.

111.    Plaintiff engaged in protected activity by complaining about discrimination and retaliation and/or opposing Defendant's unlawful employment practices throughout 2023, and 2024.

112.    Defendant was aware of Plaintiff's engagements in protected activity as Plaintiff complained directly to management and HR, and managers/supervisors and HR addressed said complaints directly with Plaintiff.

113.    As fully demonstrated within this Complaint, Defendant engaged in a course of retaliatory and adverse conduct against Plaintiff by unjustifiably denying Plaintiff promotional opportunities in favor of younger less qualified individuals; suspended him for five days, issued him a pretextual final written warning, and demoted him to a lower level position in connection with false accusations that he engaged in insubordination; failed to ameliorate the ongoing harassment and discrimination to which he was subjected by his younger and/or non-Caucasian colleagues; and denied him overtime opportunities in favor of those outside of his protected classes.

114.    Defendant took these adverse actions shortly after each of Plaintiff's engagements in protected activity.

115.    As a direct and proximate result of Defendant's unlawful conduct in violation of The Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(d), Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of

past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

116.    As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of The Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(d), Plaintiff suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

**AS AND FOR A NINTH CAUSE OF ACTION**
**RETALIATION IN VIOLATION OF  29 U.S.C. § 2601**
**(FMLA Retaliation)**

117.    Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

118.    Defendant's actions against Plaintiff concerned one of the activities protected by the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

119.    The Family Medical Leave Act states, in pertinent part: "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."  29 U.S.C. § 2615(a)(1).

120.    Plaintiff exercised his rights pursuant to the FMLA by requesting intermittent FMLA in order to address and care for his disabled spouse.

121.    Plaintiff possessed proper qualifications for Defendant to continue his employment and promote him as evidenced by Defendant's continuation of Plaintiff employment since October 16, 2000.

118.    Defendant unlawfully "interfered with" and "restrained" Plaintiff's FMLA rights by continually scrutinizing Plaintiff for his limited hours and absences based on his approved modified schedule; charging Plaintiff with multiple disciplinary actions after he engaged in protected activity; and suspending Plaintiff and ultimately demoting him.

119.    As a direct and proximate result of Defendant's unlawful conduct in violation of FMLA, 29 U.S.C. § 2601, *et seq.*, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits for which he is entitled to an award of monetary damages and other relief.

120.    As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the FMLA, 29 U.S.C. § 2601, *et seq.*, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

**WHEREFORE** Plaintiff MICHAEL JOYNER demand judgment as follows:

a)  A declaratory judgment that actions, conduct, and practices of Defendants complained of herein violate the laws of the United States and South Carolina;

b)  An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

c)  An award of damages in the amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm;

d)  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including but not limited to, compensation for mental anguish, humiliation,

embarrassment, stress and anxiety, emotional pain and suffering, and emotional

distress;

e) An award of damages for any and all other monetary/non-monetary losses

suffered by Plaintiff in an amount to be determined at trial, plus prejudgment

interest;

f) An award of punitive damages in an amount to be determined at trial;

g) The costs and disbursements of this action; and

h) Such other and further relief as this Court may deem just, proper, and equitable.

**KING, LOVE & HUPFER, LLC**

By:    s/Robert T. King
ROBERT T. KING #6133
PO Box 1764
Florence, SC 29503-1764
(843) 407-5525 - Tel
(843) 407-5782 – Fax
rking@kingandlove.com
*Rule 83.I.04 Local Counsel*

**WHITE, ROSE & HILFERTY, PC**

By:    s/Michael P. Hilferty
Michael P. Hilferty (*Pro Hac Vice* Pending)
Tuba J. Farooqui (*Pro Hac Vice* Pending)
757 Third Avenue, 20th Floor
New York, New York 10017
T: 917 633 5760
mph@nycjobattorney.com
tfarooqui@nycjobattorney.com
Tel: (917) 633-5760
*Attorneys for Plaintiff*

January 24, 2025

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| MICHAEL JOYNER, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **VERIFICATION** |
| | ) | |
| WESTINGHOUSE ELECTRIC | ) | |
| COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MICHAEL JOYNER**, pursuant to the provisions of 28 U.S.C. 1746, declares the following under penalty of perjury that the foregoing is true and correct:

1.      I am the Plaintiff herein.

2.      I have read the foregoing Complaint and know the content thereof, that the same is of my own knowledge except as to the matters therein stated upon information and belief; and that as to those matters, I believe the same to be true.

Executed:      _Columbia_, South Carolina
                January _23_, 2025

_____
MICHAEL JOYNER