IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| MICHAEL JOYNER,<br><br>      Plaintiff,<br><br>v.<br><br>WESTINGHOUSE ELECTRIC COMPANY LLC,<br><br>      Defendant. | Civil Action No. 3:25-cv-474-JDA-PJG<br><br>**ANSWER** |

Defendant Westinghouse Electric Company LLC ("Defendant"), by and through its undersigned counsel, hereby submits its Answer to Plaintiff Michael Joyner's ("Plaintiff") Complaint. Unless otherwise specifically admitted herein, Defendant generally denies all of Plaintiff's allegations contained in the Complaint. Each numbered paragraph below corresponds to the same numbered paragraph of the Complaint.

Subject to and without waiving any of its affirmative and other defenses, Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

**NATURE OF THE CASE**

1. Answering the allegations of Paragraph 1, Defendant admits only that Plaintiff purports to bring claims pursuant to the statutes alleged and seeks damages for alleged unlawful discrimination and retaliation. Defendant denies any alleged wrongdoing or unlawful conduct, and further denies any alleged liability to Plaintiff in this matter or otherwise.

**JURISDICTION AND VENUE**

2. The allegations of Paragraph 2 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant does not contest that this Court has

subject matter jurisdiction over this matter.

3. The allegations of Paragraph 3 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant does not contest that this Court has supplemental jurisdiction over Plaintiff's state law claim(s).

4. The allegations of Paragraph 4 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant does not contest that venue is proper in this Court.

## PROCEDURAL REQUIREMENTS

5. In response to the allegations of Paragraph 5, Defendant admits only that Plaintiff filed a Charge of Discrimination with the EEOC on or about the date alleged. Defendant denies any alleged wrongdoing or unlawful conduct, and further denies any alleged liability to Plaintiff in this matter or otherwise.

6. Defendant denies the allegations of Paragraph 6.

7. In response to the allegations of Paragraph 7, Defendant admits only that the EEOC issued a Notice of Right to Sue dated October 30, 2024. Defendant is without sufficient knowledge or information to admit or deny when Plaintiff received the Notice of Right to Sue, and therefore denies the same. Defendant denies any remaining allegations of Paragraph 7.

8. In response to the allegations of Paragraph 8, Defendant is without sufficient knowledge or information to admit or deny if this lawsuit was filed within 90 days of when Plaintiff received a Notice of Right to Sue, and therefore denies the same. Defendant denies any remaining allegations of Paragraph 8.

## PARTIES

9. Defendant is without sufficient knowledge or information to admit or deny the

allegations of Paragraph 9, and therefore denies the same.

10.     Answering the allegations of Paragraph 10, Defendant states that it is a Delaware Limited Liability Company with its corporate headquarters located at 1000 Westinghouse Drive, Cranberry Township, Pennsylvania. Defendant denies any remaining allegations of Paragraph 10 inconsistent with the foregoing.

## RELEVANT FACTS

11.     Defendant admits the allegations of Paragraph 11 upon information and belief.

12.     Defendant admits the allegations of Paragraph 12.

13.     The allegations of Paragraph 13 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that the basic job duties of the Pellet Operator position include those functions listed, among other required functions. Defendant denies any remaining allegations of Paragraph 13 inconsistent with the foregoing.

14.     Defendant denies the allegations of Paragraph 14.

15.     Answering the allegations of Paragraph 15, Defendant admits only that Plaintiff was promoted to the position of Team Coordinator in 2022, and in that position he still performed his normal Pellet Operators duties and was also responsible for fostering satisfactory team performance and teamwork by assisting with training, directing, and supporting other Pellet Operators assigned to his line. Defendant denies the remaining allegations of Paragraph 15.

16.     Answering the allegations of Paragraph 16, Defendant admits only that Plaintiff sought and received FMLA, vacation and sick time in the referenced time frame for the stated reason of caring for his spouse. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 16, and therefore denies the same.

17.     Defendant denies the allegations of Paragraph 17.

18. Answering the allegations of Paragraph 18, Defendant admits only that Plaintiff received the referenced PowerUp Awards on the dates alleged, the terms of which documents speak for themselves. Defendant denies any remaining allegations of Paragraph 18 inconsistent with the foregoing.

19. Defendant denies the allegations of Paragraph 19.

20. Defendant denies the allegations of Paragraph 20.

21. Defendant denies the allegations of Paragraph 21.

22. In response to the allegations of Paragraph 22, Defendant admits only that on August 17, 2023, Plaintiff reported that Mr. Hipps had "threatened" him on June 30, 2023, but that he had not reported the alleged incident because he had "squashed it." Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 22 regarding the substance of Plaintiff's alleged encounter with Mr. Hipps, and therefore denies the same. Defendant denies the remaining allegations of Paragraph 22.

23. Defendant denies the allegations of Paragraph 23.

24. Defendant denies the allegations of Paragraph 24.

25. Defendant denies the allegations of Paragraph 25.

26. Answering the allegations of Paragraph 26, Defendant admits only that Ms. Way is a Pellet Operator and is African American. Defendant further states that on August 8, 2023, Plaintiff and Ms. Way got into a heated argument regarding who would complete an assigned task. Mr. Branham intervened to resolve the dispute, and Plaintiff stated it was not "his job," and he "would f**king go home." Ms. Way also refused to complete her respective assigned task. Defendant denies the remaining allegations of Paragraph 26.

27. Answering the allegations of Paragraph 27, Defendant admits only that Plaintiff

and Ms. Way were both placed on 5-day suspensions without pay and received final written warnings based on their misconduct (i.e., for being insubordinate and engaging in disorderly conduct.). Defendant further admits that Plaintiff was demoted from his Team Coordinator distinction because he failed to foster teamwork within the team, as required for this position. Defendant denies the remaining allegations of Paragraph 27.

28.     Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 28, and therefore denies the same.

29.     Defendant denies the allegations of Paragraph 29.

30.     Defendant denies the allegations of Paragraph 30.

31.     Defendant denies the allegations of Paragraph 31.

32.     Answering the allegations of Paragraph 32, Defendant admits only that Mr. Branham conducted Plaintiff's performance review on or about February 21, 2024, and that Branham counseled Plaintiff regarding his need to maintain a respectful working environment. Defendant denies the remaining allegations of Paragraph 32.

33.     Answering the allegations of Paragraph 33, Defendant admits only that Plaintiff complained to Human Resources on or about March 7, 2024, and claimed that Mr. Gridine had stated he wanted to "hook up" with Plaintiff's sister to make his father become an "n-word" hater, or words to like effect. Defendant also admits Plaintiff complained that Mr. Gridine called him a "bitch." Further responding, Defendant states that Human Resources promptly investigated Plaintiff's allegations, but could not corroborate his claims. Defendant denies any remaining allegations of Paragraph 33.

34.     Answering the allegations of Paragraph 34, Defendant admits only that the Company took no disciplinary action against Mr. Gridine because Plaintiff's allegations were not

substantiated. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 34, and therefore denies the same.

35. Defendant denies the allegations of Paragraph 35.

36. Defendant denies the allegations of Paragraph 36.

37. Answering the allegations of Paragraph 37, Defendant admits only that Plaintiff received the referenced PowerUp Award on or about the date alleged, the terms of which document speak for themselves. Defendant denies any remaining allegations of Paragraph 37 inconsistent with the foregoing.

38. Defendant denies the allegations of Paragraph 38.

39. Defendant denies the allegations of Paragraph 39.

**FOR A FIRST CAUSE OF ACTION**
**(Title VII Race and Sex Discrimination)**

40. Responding to Paragraph 40, Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

41. The allegations of Paragraph 41 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff's Complaint alleges discrimination in violation of Title VII. Defendant denies any alleged discrimination, wrongdoing or unlawful conduct, or any alleged liability to Plaintiff in this matter or otherwise, and further denies any remaining allegations of Paragraph 41.

42. The allegations of Paragraph 42 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant craves reference to 42 U.S.C. Section §2000e-2, Section 703, the language of which speaks for itself, and denies any allegations which contradict the same. Defendant denies any discrimination, wrongdoing or unlawful conduct, or any alleged liability to Plaintiff in this matter or otherwise, and further denies any remaining

allegations of Paragraph 42.

43. The allegations of Paragraph 43 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff is a Caucasian male. Defendant denies any remaining allegations of Paragraph 43.

44. Defendant denies the allegations of Paragraph 44.

45. Defendant denies the allegations of Paragraph 45.

46. Defendant denies the allegations of Paragraph 46.

47. Defendant denies the allegations of Paragraph 47.

48. Defendant denies the allegations of Paragraph 48.

**FOR A SECOND CAUSE OF ACTION**
**(Racial Discrimination in Violation of 42 U.S.C. § 1981)**

56. Responding to Paragraph 56[1], Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

57. The allegations of Paragraph 57 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant craves reference to 42 U.S.C. § 1981, the language of which speaks for itself, and denies any allegations which contradict the same. Defendant denies any discrimination, wrongdoing or unlawful conduct, or any alleged liability to Plaintiff in this matter or otherwise, and further denies any remaining allegations of Paragraph 57.

58. Defendant denies the allegations of Paragraph 58.

59. Defendant denies the allegations of Paragraph 59.

60. Defendant denies the allegations of Paragraph 60.

---

[1] Plaintiff's Complaint inexplicably skips from Paragraph 48 to Paragraph 56. To avoid confusion, Defendant will continue to respond to each Paragraph using the numbers as reflected in the Complaint.

61. Defendant denies the allegations of Paragraph 61.

62. Defendant denies the allegations of Paragraph 62.

## FOR A THIRD CAUSE OF ACTION
### (Race, Sex and Age Discrimination in Violation of S.C. Code Ann. § 1-13-80)

63. Responding to Paragraph 63, Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

64. The allegations of Paragraph 64 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant craves reference to S.C. Code Ann. § 1-13-80 (A)(1), the language of which speaks for itself, and denies any allegations which contradict the same. Defendant denies any discrimination, wrongdoing or unlawful conduct, or any alleged liability to Plaintiff in this matter or otherwise, and further denies any remaining allegations of Paragraph 64.

65. The allegations of Paragraph 65 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff is a 43-year-old Caucasian male. Defendant denies any remaining allegations of Paragraph 65.

66. Defendant denies the allegations of Paragraph 66.

67. Defendant denies the allegations of Paragraph 67.

68. Defendant denies the allegations of Paragraph 68.

## FOR A FOURTH CAUSE OF ACTION
### (Age Discrimination in Violation of the ADEA)

69. Responding to Paragraph 69, Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

70. The allegations of Paragraph 70 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff's Complaint

alleges discrimination in violation of the ADEA. Defendant denies any alleged discrimination, wrongdoing or unlawful conduct, or any alleged liability to Plaintiff in this matter or otherwise, and further denies any remaining allegations of Paragraph 70.

71.     The allegations of Paragraph 71 constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant craves reference to the ADEA, the language of which speaks for itself, and denies any allegations which contradict the same. Defendant denies any discrimination, wrongdoing or unlawful conduct, or any alleged liability to Plaintiff in this matter or otherwise, and further denies any remaining allegations of Paragraph 71.

72.     The allegations of Paragraph 72 constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits Plaintiff is over the age of 40 and thus covered by the ADEA.  Defendant denies any remaining allegations of Paragraph 72.

73.     Answering the allegations of Paragraph 73, Defendant admits only that Plaintiff was hired on or about October 16, 2000, and was promoted in 2022.  Defendant denies the remaining allegations of Paragraph 73.

74.     Defendant denies the allegations of Paragraph 74.

75.     Defendant denies the allegations of Paragraph 75.

76.     Defendant denies the allegations of Paragraph 76.

**FOR A FIFTH CAUSE OF ACTION**
**(Retaliation in Violation of Title VII)**

77.     Responding to Paragraph 77, Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

78.     The allegations of Paragraph 78 constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits Title VII prohibits discrimination and retaliation.

79. The allegations of Paragraph 79 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant craves reference to 42 U.S.C. § 2000e-3, the language of which speaks for itself, and denies any allegations which contradict the same. Defendant denies any discrimination, retaliation, wrongdoing or unlawful conduct, or any alleged liability to Plaintiff in this matter or otherwise, and further denies any remaining allegations of Paragraph 79.

80. Defendant denies the allegations of Paragraph 80.

81. Defendant denies the allegations of Paragraph 81.

82. Defendant denies the allegations of Paragraph 82.

83. Defendant denies the allegations of Paragraph 83.

84. Defendant denies the allegations of Paragraph 84.

85. Defendant denies the allegations of Paragraph 85.

86. Defendant denies the allegations of Paragraph 86.

87. Defendant denies the allegations of Paragraph 87.

## FOR A SIXTH CAUSE OF ACTION
**(Retaliation in Violation of 42 U.S.C. § 1981)**

88. Responding to Paragraph 88, Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

89. The allegations of Paragraph 89 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant admits 42 U.S.C. § 1981 prohibits discrimination and retaliation.

90. Defendant denies the allegations of Paragraph 90.

91. The allegations of Paragraph 91 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph

91.

92. Defendant denies the allegations of Paragraph 92.

93. Defendant denies the allegations of Paragraph 93.

94. Defendant denies the allegations of Paragraph 94.

95. Defendant denies the allegations of Paragraph 95.

96. Defendant denies the allegations of Paragraph 96.

**FOR A SEVENTH CAUSE OF ACTION**
**(Retaliation in Violation of S.C. Code Ann. § 1-13-80)**

97. Responding to Paragraph 97, Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

98. The allegations of Paragraph 98 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant craves reference to S.C. Code Ann. § 1-13-80 (F), the language of which speaks for itself, and denies any allegations which contradict the same. Defendant denies any discrimination, retaliation, wrongdoing or unlawful conduct, or any alleged liability to Plaintiff in this matter or otherwise, and further denies any remaining allegations of Paragraph 98.

99. Defendant denies the allegations of Paragraph 99.

100. Defendant denies the allegations of Paragraph 100.

101. Defendant denies the allegations of Paragraph 101.

102. Defendant denies the allegations of Paragraph 102.

103. Defendant denies the allegations of Paragraph 103.

104. Defendant denies the allegations of Paragraph 104.

105. Defendant denies the allegations of Paragraph 105.

106. Defendant denies the allegations of Paragraph 106.

## FOR AN EIGHTH CAUSE OF ACTION
### (Retaliation in Violation of the ADEA)

107. Responding to Paragraph 107, Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

108. The allegations of Paragraph 108 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that the ADEA prohibits discrimination and retaliation.

109. The allegations of Paragraph 109 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant craves reference to 29 U.S.C. § 623(d), the language of which speaks for itself, and denies any allegations which contradict the same. Defendant denies any discrimination, retaliation, wrongdoing or unlawful conduct, or any alleged liability to Plaintiff in this matter or otherwise, and further denies any remaining allegations of Paragraph 109.

110. Defendant denies the allegations of Paragraph 110.

111. Defendant denies the allegations of Paragraph 111.

112. Defendant denies the allegations of Paragraph 112.

113. Defendant denies the allegations of Paragraph 113.

114. Defendant denies the allegations of Paragraph 114.

115. Defendant denies the allegations of Paragraph 115.

116. Defendant denies the allegations of Paragraph 116.

## FOR A NINTH CAUSE OF ACTION
### (FMLA Retaliation)

117. Responding to Paragraph 117, Defendant restates and reasserts each and every response provided above as if set forth herein verbatim.

118. The allegations of Paragraph 118 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff's Complaint alleges a claim pursuant to the FMLA. Defendant denies any alleged violation of the FMLA, denies any alleged liability to Plaintiff in this matter or otherwise, and denies any remaining allegations of Paragraph 118.

119. The allegations of Paragraph 119 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant craves reference to 29 U.S.C. § 2615(a)(1), the language of which speaks for itself, and denies any allegations which contradict the same. Defendant denies any violation of the FMLA, denies any alleged liability to Plaintiff in this matter or otherwise, and denies any remaining allegations of Paragraph 119.

120. The allegations of Paragraph 120 constitute a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff has requested FMLA leave during his employment. Defendant denies any remaining allegations of Paragraph 120.

121. Defendant denies the allegations of Paragraph 121.

118. Defendant denies the allegations of Paragraph 118.[2]

119. Defendant denies the allegations of Paragraph 119.

120. Defendant denies the allegations of Paragraph 120.

In responding to the unnumbered paragraph beginning with WHEREFORE, including subparts (a), (b), (c), (d), (e), (f), (g), and (h), Defendant states that this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant

---

[2] Plaintiff's Complaint inexplicably skips back from Paragraph 121 to Paragraph 118. To avoid confusion, Defendant will continue to respond to each Paragraph using the numbers as reflected in the Complaint.

denies that Plaintiff incurred any damages attributable to Defendant or that Plaintiff is entitled to any relief requested therein. Defendant further denies any alleged discrimination or retaliation, denies any wrongdoing or unlawful conduct, and denies any alleged liability to Plaintiff in this matter or otherwise.

## **AFFIRMATIVE AND OTHER DEFENSES**

1. Plaintiff's Complaint clearly lacks merit, given that Defendant has not discriminated or retaliated against him in any regard, nor has Defendant denied or interfered with any right or entitlement of Plaintiff pursuant to the FMLA or otherwise. Accordingly, Defendant expressly reserves its right to seek an award of attorneys' fees and costs pursuant to the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. § 15-36-10.

2. Plaintiff's Complaint fails to state any claim upon which relief may be granted against Defendant, and therefore should be dismissed in its entirety.

3. This Court lacks subject matter jurisdiction over the claims alleged in Plaintiff's Complaint, and Plaintiff's Complaint should therefore be dismissed in its entirety.

4. Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations and/or to the extent Plaintiff has failed to timely bring this action upon receipt of a notice of right to sue.

5. To the extent Plaintiff seeks relief for employment decisions or actions which were not made the subject of a timely Charge of Discrimination filed with the EEOC/SCHAC, or to the extent he has otherwise failed to exhaust his administrative remedies or to timely file this action as required by law or any statute of limitation or repose, such claims are barred.

6. Any award of damages should be barred or limited to the extent that the relief demanded by Plaintiff is improper, barred in whole or in part by the doctrine of after-acquired

evidence, is inappropriate, exceeds the scope of permissible damages and remedies, and/or otherwise is not available under the laws upon which his claims rest.

7. Any award of damages to Plaintiff must be offset by sums received by Plaintiff from Defendant, by amounts Plaintiff may receive from third parties, or by amounts owed by Plaintiff to Defendant.

8. Plaintiff has failed to specifically plead his entitlement to exemplary, liquidated or punitive damages in the Complaint, and thus, should be barred from seeking punitive damages in this case. Defendant would further show there is no basis to support an award of such damages in this case. Accordingly, Plaintiff's prayer for exemplary, liquidated and punitive damages should be stricken.

9. Defendant is entitled to a credit and/or set-off for any compensation paid to Plaintiff to which he was not otherwise entitled.

10. Plaintiff's claims may be barred in whole or in part by the doctrines of waiver, release, accord, and satisfaction.

11. Plaintiff's claims may be barred in whole or in part by the doctrine of estoppel by reason of his own conduct and actions, including acts of commission and omission.

12. Plaintiff has failed to reasonably mitigate his claimed damages, his entitlement to which is expressly denied.

13. Plaintiff's claims lack merit because any employment actions allegedly taken by Defendant with respect to Plaintiff were made in good faith and based upon legitimate, nondiscriminatory business reasons completely unrelated to any impermissible factor, and were made without malice and not in violation of any statute.

14. To the extent Defendant is found to have violated any statute, the fact of which is

expressly denied, Plaintiff is not entitled to recover liquidated damages, punitive damages or attorneys' fees because Defendant did not commit any alleged willful, oppressive, fraudulent or malicious acts, or act with reckless indifference to Plaintiff's rights.

15. Some or all of Plaintiff's claims may be barred by his breaches of his legal and/or contractual obligations to Defendant.

16. Some or all of Plaintiff's claims may be barred by his breaches of the duty of loyalty or fiduciary duty and by the doctrine of unclean hands.

17. Some or all of Plaintiff's claims are barred by the doctrine of at-will employment.

18. To the extent certain supervisors, managers, employees and/or agents of Defendant may have engaged in inappropriate conduct or unlawful action, the fact of which is expressly denied, such conduct is outside the course and scope of their employment, authority and/or agency, was in direct contravention of Defendant's policies, and occurred without Defendant's consent or ratification. Accordingly, Defendant cannot be vicariously liable for such actions or conduct.

19. Plaintiff's claims lack merit because any employment actions allegedly taken with respect to Plaintiff were taken consistent with Defendant's policies and procedures and/or business necessity.

20. Some or all of Plaintiff's purported claims and/or relief sought in the Complaint are barred because Defendant maintained, disseminated, and enforced clear policies against discrimination and retaliation establishing reasonable and effective means of reporting and seeking relief from conduct believed to be discriminatory or retaliatory and because Defendant acted in accordance with this policy at all times and Plaintiff unreasonably failed to take advantage of the preventative or corrective measures provided by Defendant.

21. Notwithstanding Defendant's general denials and previous affirmative defenses

herein, and without admitting Plaintiff's averments, to the extent that Plaintiff establishes that any prohibited criterion was a motivating factor for any employment decision challenged herein, Defendant affirmatively states that the same employment action would have been taken in the absence of such impermissible motivating factor.

22.   Plaintiff failed or was unable to meet established employer work standards, and as such, Plaintiff's Complaint must be dismissed.

23.   To the extent Defendant discovers any additional facts which would have warranted any adverse action against Plaintiff, Plaintiff's claims and/or recovery may be barred in whole or in part because of after-acquired evidence of wrongful conduct.

24.   Some or all of Plaintiff's claims are barred because he cannot show that race, age, gender, or the exercise of any statutory right (including, without limitation, rights arising under the FMLA, ADEA, Title VII, Section 1981 or the South Carolina Human Affairs Law) was a but-for cause of his alleged injuries.

25.   To the extent Plaintiff seeks punitive damages, Defendant affirmatively pleads the following in regard to punitive damages:

   a. An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the South Carolina Constitution;

   b. The criteria used for determining whether and in what amount punitive damages may be awarded are impermissible, vague, imprecise, and inconsistent and, therefore, violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the South Carolina Constitution;

   c. Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decisions of *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mutual Automobile Ins. Co. v.*

    *Campbell*, 538 U.S. 408 (2003); and

  d. Defendant asserts the punitive damages caps articulated in S.C. Code Ann. § 15-32-530 as an affirmative defense.

26. Defendant has not had an opportunity to conduct a full and sufficient investigation or to engage in adequate discovery touching on the circumstances of Plaintiff's allegations. Defendant intends to act expediently to inform itself as to the pertinent facts and prevailing circumstances surrounding any claimed damages and hereby gives notice of its intent to assert any affirmative defenses or allegations of fact that this information-gathering process may indicate are supported by law.

**WHEREFORE,** having responded to the specific allegations contained in the Complaint and having stated its affirmative and additional defenses, Defendant respectfully prays as follows:

(a) that the Court render judgment for Defendant and against Plaintiff;

(b) that the Court dismiss Plaintiff's Complaint in its entirety with prejudice;

(c) that the Court assess costs and attorneys' fees against Plaintiff; and

(d) that the Court award Defendant such other and further relief as it deems just and appropriate.

*[SIGNATURE PAGE FOLLOWS]*

                                Respectfully submitted,

                                */s/ William H. Foster*
                                William H. Foster, Bar No. 6221
                                bfoster@littler.com
                                Katie E. Towery, Bar No. 12861
                                ktowery@littler.com
                                LITTLER MENDELSON P.C.
                                110 E. Court Street, Suite 201
                                Greenville, SC  29601
                                Telephone:    (864) 775-3190

                                *Attorneys for Defendant Westinghouse Electric Company LLC*

March 28, 2025